UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUSAN G. MADDEN,

              Plaintiff,                    CIVIL ACTION NO. 08-12070

        v.                        DISTRICT JUDGE STEPHEN J. MURPHY III

CITY OF ANN ARBOR, ET AL.,       MAGISTRATE JUDGE VIRGINIA MORGAN

              Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS
## CASE AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915

Plaintiff Susan Madden submitted to the court a civil rights complaint and social security

review petition on prepared forms.  She then filed an application to proceed *in forma pauperis*

(IFP) claiming that the IFP status is sought for an appeal pursuant to 28 U.S.C. § 2255 and a new

case of Bankruptcy and Related Cases.  Because plaintiff's submissions do not make sense and

fail to present a justiciable case, it is recommended that the Application to Proceed IFP be

denied, or in the alternative, that the application be granted, and the case immediately be

dismissed with prejudice as frivolous.

A review of the docket shows that on May 9, 2008, Ms. Madden alleged civil rights

violations in a complaint against the City of Ann Arbor, Washtenaw County, and the State of

Michigan.  The document contains no underlying facts which would give rise to a claim and does

- 1 -

not designate a basis for the suit. She checked the part of the form that indicates the grounds for

discrimination and indicated that the discrimination was based on race, color, gender, age, and

national origin; and that she/it (?) was "Denied by A.A.T.A.." She also indicates that defendants

violated her rights under the First through Eighth Amendments of the Constitution. In addition,

plaintiff submitted a separate petition for judicial review of a social security denial against the

Commissioner of Social Security. She submitted this in conjunction with the civil rights

complaint and fails to include her social security number or any information regarding her

alleged claim. She fails to attach the letter received from the Commissioner notifying plaintiff of

the final decision and her right to sue. On her application, she indicates that she is the

petitioner/plaintiff/appellant and is unemployed. She states she has no interest in real estate but

includes in parentheses (my homestead @ 1024 Norwich, Troy, MI 48108)[1] No additional

information is provided.

Title 28 U.S.C. §1915 provides a mechanism for the court to permit a party to proceed in

federal court without prepayment of fees. A person is required to provide an affidavit (here, the

Application) to permit the court to review the claims. The statute requires that the court shall

dismiss the case, at any time, if the court determines that the allegation of poverty is untrue or

that the action is frivolous or malicious, fails to state a claim upon which relief may be granted,

---

[1]The court notes that 48108 is a zip code to Ann Arbor, not Troy. She also lists a different address in Ann Arbor with that zip code.

or seeks monetary relief against a defendant who is immune from such relief.  See, 28 U.S.C. § 1915 (e)(2) (A) and (B).

In this case, the claims are clearly frivolous and/or fail to state a claim.  Plaintiff has failed to meet even the lowest threshold for appropriate screening in that she fails to identify her social security number, facts related to her claimed discrimination and the basis for her belief that she is entitled to relief.  The complaint and petition lack substantive foundation, seek relief on inconsistent grounds, and are no more than nonsense.  In the *pro se* prisoner context, courts have recognized that such complaints are to be liberally construed and not to be held to the same stringent standard as formal pleadings drafted by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595 (1972).  These complaints are entitled to special care to determine whether any possible set of facts would entitle the prisoner to relief.  Hughes v. Rowe, 449 U.S. 5, 10 (1980).  Courts are reluctant to dismiss on procedural grounds alone.  However, it is not the role of the court to guess the nature of the claim(s) asserted.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  Nuclear Transportation & Storage, Inc. v. United States, 890 F.2d 1348 (6th Cir. 1989); Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986).  No more than guess work could be done here.  The court is not required to permit such actions whether brought by prisoner or otherwise.

Further, this plaintiff is a known frequent filer who has brought several previous cases in this district resulting in dismissal.  She unsuccessfully appealed at least one of these to the Sixth Circuit and even sued John Purdy, clerk of the Ann Arbor Clerk's Office, and six U. S. Marshals for claims deemed to be meritless by Judge Rosen.  The list of cases is as follows:

88-7186:   *Madden v. Thorburn, et al.*; filed 5/2/88, closed 11/3/88

89-71457:   *In Re Madden et al v. NBD Mtg. Co., et al.*; filed 5/9/89, closed 6/19/89

98-72753:   *Madden v. Rosner*; filed 10/27/98, closed 10/27/98

06-12646:  *Madden v. Purdy*; filed 6/15/06; closed 6/22/06

Therefore, it is recommended that the Application to Proceed IFP be denied, or in the

alternative, that the application be granted, and the case immediately be dismissed with prejudice

as frivolous.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


                                    s/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge


Dated: November 7, 2008


---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on November 7, 2008.

                                    s/J. Johnson
                                    Case Manager to
                                    Magistrate Judge Virginia M. Morgan